# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00436-CR

## Ex parte Chloe Evans

On appeal from the
77th District Court of Limestone County, Texas
Judge Amy Thomas Ward, presiding
Trial Court Cause No. 33364-B

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Chloe Evans appeals the trial court's denial of Evans' "Application for Writ of Habeas Corpus Seeking Bail Reduction," filed on November 3, 2025, and heard and decided on November 7, 2025. Evans raises three issues on appeal. We affirm the trial court's order denying habeas relief.

### BACKGROUND

While released on bond for three felony offenses of aggravated assault with a deadly weapon, Evans absconded while in court for those offenses. She had been ordered by the trial court judge to submit to a drug test and not to leave until that was done. She absconded as she was being led to the drug test

and ran out of the courthouse. She then hopped in a vehicle and hit two other vehicles in the courthouse parking lot as she was fleeing. The subsequent chase of Evans reached speeds of 100 miles per hour and ended when she crashed into other vehicles. Evans testified that she hit an "18-wheeler." She sustained injuries in that crash but left the hospital against medical advice.

As a result of her actions, Evans was accused of committing three more offenses: evading arrest with a vehicle, aggravated assault of a public servant, and aggravated assault with a deadly weapon. Bonds totaling $150,000 were set in these new, yet-to-be-indicted offenses. Evans filed an application for a writ of habeas corpus seeking a reduction in those bond amounts because they were "excessive, oppressive[,] and beyond her financial means…." Evans further alleged in the application that her injuries from the crash could not be properly addressed in jail and requested a personal recognizance bond because she was not a flight risk or alternatively, a reduction of the bond to a reasonable amount.

**NO BOND**

In her first issue, Evans complains that the trial court erred in denying her application and holding her without bond. However, there was never a no-bond order on the charges at issue. Rather, the no-bond order was issued on October 3, 2025 in the other aggravated assault offenses for which she

appeared in court and then fled the courthouse. Those offenses had already been assigned case number 15701-A.[1] The application for writ of habeas corpus, filed on November 3, 2025, was assigned a different case number, 33364-B, and referenced the new charges arising from Evans' flight: evading arrest with a vehicle, aggravated assault of a public servant, and aggravated assault with a deadly weapon. Evans alleged in her application that bonds on the new charges totaled $150,000 and she sought to have that total amount reduced or be released on a personal recognizance bond. She did not complain about the no-bond order in her application. Further, Evans only appealed case number 33364-B, not case number 15701-A, and thus, the no-bond order is not a part of this appeal.

Because a no-bond order is not a part of case number 33364-B and this appeal, Evans' first issue is overruled.

## ART. 17.15(a) MANDATORY FACTORS

Evans next complains that the trial court erred in denying her habeas application when it failed to apply the mandatory factors of article 17.15(a) of the Texas Code of Criminal Procedure. This issue is premised on the issuance of a no-bond order. As one was not issued in the underlying case in this appeal,

---

[1] The reporter's record containing the hearing which resulted in the no-bond order and filed in this appeal appears to have been mistakenly labeled as the hearing on the habeas application when it clearly relates only to trial court case number 15701-A. A supplemental reporter's record was filed later in this appeal containing a transcription of the hearing on the habeas application being appealed.

Evans' second issue is also overruled.

## DUE PROCESS VIOLATION

Evans' third issue regarding a violation of the Due Process Clause is also premised on the issuance of a no-bond order. As previously explained, a no-bond order was not issued in the underlying case in this appeal. Accordingly, this issue is also overruled.

## CONCLUSION

Having overruled each issue on appeal, the trial court's "Order on Application for Writ of Habeas Corpus Seeking Bail Reduction," which denies Evans' "Application for Writ of Habeas Corpus Seeking Bail Reduction" and was signed on November 7, 2025, is affirmed.

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED: August 13, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
OT06

